IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES ELDRIDGE BOYD, #111426**                                  **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 2:08-cv-44-KS-MTP**

**M.D.O.C.**                                                   **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner James Eldridge Boyd, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of driving under the influence in the Twelfth Circuit Court District for Forrest and Perry Counties, Mississippi on April 13, 2005. Petitioner was sentenced as an habitual offender and to serve five years in the custody of the Mississippi Department of Corrections.

The Petitioner argues as grounds for habeas relief that he should not have been sentenced as an habitual offender because his prior two driving under the influence convictions were misdemeanor convictions, therefore, making his habitual offender status in violation of Mississippi Code Annotated § 63-11-30(2)(c) (1972). As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and has reached the following conclusion.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United

States Code provides in part as follows:

>(b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>>(A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>>(B)(i) there is an absence of available State corrective process; or
>>
>>(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>\* \* \* \* \* \* \* \* \*
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

Petitioner does have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29 (1972). Petitioner has three years after the entry of judgment of the conviction to file a motion under this statute. Miss. Code Ann. § 99-39-5 (2) (1972), as amended.

It is clear that Petitioner has not exhausted his state remedies since he has stated such in

his petition. As such, Petitioner's application will be dismissed for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the 25th day of March, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE